## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **ERNETTA DEJEAN** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **Civil Action No. 4:19-cv-2260** |
| | § | |
| | § | |
| **STATE FARM MUTUAL AUTOMOBILE** | § | |
| **INSURANCE COMPANY** | § | |
| **Defendant.** | § | |

## DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant State Farm Automobile Insurance Company ("State Farm") files its Notice of Removal to remove from the 113th Judicial District Court of Harris County, Texas to this Court a suit styled *Ernetta Dejean v. State Farm Mutual Automobile Insurance Company,* docketed under Cause No. 2019-34127 (hereinafter referred to as the "State Court Action").

### I.   STATEMENT OF JURISDICTIONAL BASIS FOR REMOVAL

1.   This Court has original diversity jurisdiction under 28 U.S.C. §1332(a)(1) and 28 U.S.C. § 1441(a).

2.   Under 28 U.S.C. §1446(a), venue of the removed action is proper in this Court as it is the district and division within which the State Court Action is pending.

### II.   TIMELINESS OF NOTICE OF REMOVAL

3.   This Notice is timely under 28 U.S.C. § 1446(b).  It is filed within 30 days after service of citation and Plaintiff's Original Petition on State Farm.  Plaintiff's Original State Court Petition naming State Farm, was filed on May 16, 2019.  State Farm was served on May 24, 2019.

4.      An Index of all documents filed in the State Court Action are attached hereto as Exhibit "A," as required by 28 U.S.C. §1446(a). Further, a list of all counsel of record, including addresses, telephone numbers, and parties represented is attached as Exhibit "B."

### III.      NATURE OF PLAINTIFF'S CASE AGAINST DEFENDANT

5.      This suit involves an automobile accident that occurred in Harris County, Texas (the "Claim"). State Farm is the insurer for Plaintiff.

6.      Plaintiff sued State Farm for breach of contract and violations of the Texas Insurance Code.

### IV.      JURISDICTIONAL BASIS FOR REMOVAL: DIVERSITY

7.      Pursuant to 28 U.S.C. §1332(a)(1), this Court has diversity jurisdiction.

8.      Plaintiff is a resident of Harris County Texas, as alleged in the Original Petition.[1] Further, Plaintiff is domiciled in Texas.

9.      State Farm was, at the time this action commenced, and still is, a citizen of Illinois. State Farm was incorporated under the insurance laws of Illinois, and its principle place of business is located in Illinois. Therefore, complete diversity exists between Plaintiffs and State Farm.

10.      Moreover, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. *See* 28 U.S.C. §1332(a)(1). Pursuant to 28 U.S.C. § 1446(c)(2), the amount demanded in its Original Petition is deemed to reach the amount in controversy for purposes of this Notice.

11.      Because Texas law allows recovery for attorneys' fees and penalties when an insurer fails to comply with the Texas Insurance Code, this Court must consider such fees and penalties as it assesses the amount in controversy.  *See Zapata v. Allstate Indem. Co.*, No. DR-07-

---

[1] *Plaintiff's Original Petition,* attached hereto as Exhibit A-2.

CV-063, 2008 WL 11416943, at *5 (W.D. Tex. Apr. 15, 2008)*(citing Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 911–12 (5th Cir.2002).

12.     The Original Petition states, "Plaintiff seeks monetary relief of $100,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees."[2]   If Plaintiff is successful on its claims, its damages will exceed $75,000 because Plaintiff seeks damages and penalties under the Texas Insurance Code and the Texas Civil Practice and Remedies Code.

13.     Because complete diversity exists between the parties and the amount in controversy is more than the jurisdictional minimum of $75,000, removal is proper.

## V.     NOTICE SHALL BE PROVIDED

14.     Pursuant to 28 U.S.C. §1446(d), State Farm will promptly give written notice of the filing of this Notice of Removal to Plaintiff and will further file a copy of this Notice of Removal with the District Clerk of Harris County, Texas, where the State Court Action was previously pending.

## VI.     CONCLUSION

WHEREFORE, State Farm hereby removes the case styled *Ernetta Dejean v. State Farm Mutual Insurance Company,* Cause No. 2019-34127, and respectfully requests that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action, and for all other relief to which may be justly entitled.

Respectfully submitted,

**STEWART LAW GROUP PLLC**

*/s/ Amy M. Stewart*

---

[2] Exhibit A-1 at ¶8.1.

**Amy M. Stewart**
State Bar No. 24060660
Email: astewart@stewartlawgrp.com
**Keron A. Wright**
State Bar No. 24075311
Email: kwright@stewartlawgrp.com

One Arts Plaza
1722 Routh St., Suite 745
Dallas, Texas 75201
Telephone: (469) 607-2300
Facsimile: (469) 607-2301

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of June 2019, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court and also served counsel of record in accordance with the Federal Rules of Civil Procedure.

/s/ *Amy M. Stewart*
Amy M. Stewart

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ERNETTA DEJEAN** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | **Civil Action No. 4:19-cv-2260** |
| | § | |
| | § | |
| **STATE FARM MUTUAL AUTOMOBILE** | § | |
| **INSURANCE COMPANY** | § | |
| Defendant. | § | |

## INDEX TO NOTICE OF REMOVAL

| EXHIBIT | DATE | DOCUMENT |
|---------|------|----------|
| A-1 | 05.16.2019 | Plaintiffs' Original Petition and Request for Disclosure |
| A-2 | 05.28.2019 | Citation to State Farm Mutual Automobile Insurance Company |
| A-3 | 06.14.2019 | Defendant's Original Answer |
| | | |
| | | |
| | | |
| | | |
| | | |

EXHIBIT A-1

5/16/2019 4:37 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33644368
By: Nelson Cuero
Filed: 5/16/2019 4:37 PM

*2019-34127 / Court: 113*

CAUSE NO. _____

| | | |
|---|---|---|
| ERNETTA DEJEAN | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| VS. | § | \_\_\_\_TH JUDICIAL DISTRICT |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY | § | |
| *Defendant* | § | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION, REQUESTS FOR DISCLOSURE,

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, **ERNETTA DEJEAN,** ("Plaintiff") complains of Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** ("Defendant") and for cause of action would respectfully show the Court as follows:

**I.**
### DISCOVERY CONTROL PLAN

1.1    Plaintiff requests that this case be governed by Discovery Control Plan Level 3, pursuant to TEX. R. CIV. P. 190.3.

**II.**
### PARTIES

2.1    Plaintiff, **ERNETTA DEJEAN,** is an individual residing in the State of Texas.

2.2    Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** is a Texas "Domestic" insurance company authorized to conduct business in the State of Texas. Defendant may be served through its registered agent for service Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin. Texas 78701.

## III.

## INTRODUCTION AND FACTUAL BACKGROUND

3.1     On or about August 05, 2017 at approximately 1:29pm, Plaintiff, **ERNETTA DEJEAN** was traveling on the road. Martika Mayes, an uninsured motorist and non party to this suit, was also traveling in her vehicle. Martika Mayes, negligently caused a collision on the road striking plaintiff's vehicle. The collision caused by Martika Mayes, resulted in serious bodily injuries to Plaintiff. Plaintiff's injuries necessitate Plaintiff to seek medical attention and treatments. Additionally, Plaintiff was unable to work during her recovery process from the accident. Additionally, Plaintiff suffered property damages because of the impact. Plaintiff's injuries and the automobile crash were caused by an underinsured motorist's negligence. Plaintiff had an un/underinsured motorist policy with Defendant **STATE FARM** that was in effect on August 5, 2017. At all relevant times Plaintiff was covered under a valid **STATE FARM** insurance policy.

## IV.
## JURISDICTION

**A.     Personal Jurisdiction**

4.1     This Court has personal jurisdiction over Defendant because said Defendant availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with constitutional requirements of due process.

4.2     Plaintiff would show that Defendant had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

4.3     Plaintiff would also show that the cause of action arose from or relates to the

contacts of Defendant to the state off Texas, thereby conferring specific jurisdiction with respect to said Defendants.

**B.     Subject-Matter Jurisdiction**

4.4     This Court has subject-matter jurisdiction over Plaintiff's claims. Plaintiff seeks damages under the common law and statutes of the State of Texas. The amount in controversy for Plaintiff's claims are within the jurisdictional limits of the court.

## V.
## VENUE

5.1     Venue for this action is proper in Harris County, Texas, under Section 1952.110(2) of the Texas Insurance Code because the accident occurred in said county.

## VI.

## CLAIM FOR UNDERINSURED/UNINSURED BENEFITS

6.1     On the date of the accident in question **ERNETTA DEJEAN** was covered by insurance issued by Defendant, issued for dates that include the date of said accident. This policy included coverage for underinsured/uninsured motorists. Plaintiff, **ERNETTA DEJEAN** is a valid "covered person" under this policy as the insured.

6.2     Defendant was timely informed of the accident and that Plaintiff intended to make a claim under underinsured/uninsured benefits in a letter to Defendant. Plaintiff took reasonable steps after the loss to restore themselves back to health by obtaining and receiving medical attention and treatment.

6.3     Defendant has not tendered appropriate benefits under the underinsured/uninsured motorist policy to the Plaintiff. Based on this fact, Plaintiff was forced to file this lawsuit.

6.4     Plaintiff sought recovery for bodily injuries sustained from the incident. Any recovery was insufficient to compensate Plaintiff. Driver who caused the accident was an

underinsured/uninsured motorist and thus **ERNETTA DEJEAN** was not able to recover under the negligent driver's insurance. Plaintiff hereby seeks recovery for bodily injuries and property damage under underinsured/uninsured coverage.

## BREACH OF CONTRACT

7.4     Defendant **STATE FARM** has a contractual obligation to pay Plaintiff for the damages Plaintiff incurred in the collision made the basis of this suit pursuant to Plaintiff's UM/UIM policy. Despite demand, Defendant deliberately and intentionally failed to comply with the contract between the parties and is therefore liable for breach of contract.

7.5     Defendant **STATE FARM'S** failure and refusal to pay adequate compensation as is obligated to do under the terms of the policy in question and under the law of the State of Texas constitutes material breaches of the insurance contract with Plaintiff. Furthermore, Plaintiff has suffered damages in the form of actual damages, mental anguish, consequential damages and reasonable and necessary attorney's fees for such violations of the insurance contract.

## VII.
## CONDITIONS PRECEDENT

7.1     All conditions precedent been performed or have occurred under the Texas Rules of Civil Procedure 54.

## VIII.
## DAMAGES

8.1     Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney fees. Many of the elements of damage, including pain and suffering, & mental anguish in the past and future, past and future physical impairment, and future lost earning capacity, cannot be determined with mathematical

precision. Furthermore, the determination of many of these elements of damage are within the province of the jury. Plaintiff, does not at this time, seek an exact and certain amount of damages for any of these particular elements of damage, but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly and reasonably compensate them. Plaintiff reserves the right to either file a trial amendment or an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low.

## IX.
## WRITTEN DISCOVERY

9.1     Pursuant to the Texas Rules of Civil Procedure, Defendant must respond to the following requests for discovery within 50 days after service of this Petition.

a)   Under Texas Rules of Civil Procedure, plaintiff(s) requests that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194 including all documents, electronic information, and tangible items that the disclosing party has in its possession, custody or control and may use to support its claims or defenses.

## X.
## PRAYER FOR RELIEF

10.1    For these reasons, Plaintiff respectfully prays that the Court enter judgment against Defendant(s) as follows:

        a.      for actual damages
        b.      for reasonable and necessary past and future medical costs and expenses,
        c.      for property damages,
        d.      for past and future pain and suffering and mental anguish,
        e.      for past and future lost wages and lost wage earning capacity.
        f.      for past and future physical impairment,
        g.      for pre and post-judgment interest, as allowed by law;
        h.      for costs of suit (including costs of service of process, depositions and expert witness fees); and
        i.      for any additional relief to which Plaintiff may be entitled.

Respectfully submitted,


_/s/ Randall Novak_
Randall L. Novak
TSB# 24072717
P.O. Box 146
Houston, Texas 77001
Telephone:  832-707-6712
Facsimile:   832-447-1414
email:  randall@novaklaw.org
ATTORNEY FOR PLAINTIFF

EXHIBIT A-2

CAUSE NO. 201934127

RECEIPT NO.          0.00     CIV
          *********          TR # 73626033

| | |
|---|---|
| PLAINTIFF: DEJEAN, ERNETTA | In The    113th |
| vs. | Judicial District Court |
| DEFENDANT: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | of Harris County, Texas |
| | 113TH DISTRICT COURT |
| | Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY BY SERVING THROUGH
    ITS REGISTERED AGENT FOR SERVICE CORPORATION SERVICE COMPANY
    211  E 7TH STREET SUITE 620   AUSTIN TX 78701
    Attached is a copy of PLAINTIFFS ORIGINAL PETITION REQUESTS FOR DISCLOSURE

This instrument was filed on the 16th day of May, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 17th day of May, 2019, under my hand and
seal of said Court.

Issued at request of:
NOVAK, RANDALL LORANCE
PO BOX 146
HOUSTON, TX  77001
Tel: (281) 881-5532
Bar No.: 24072717

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: CUERO, NELSON 7MM//11233033

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____
_____ of _____County, Texas

_____    By  _____
        Affiant                            Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
                Notary Public

N.INT.CITR.P          *73626033*

EXHIBIT A-3

6/14/2019 4:57 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34401374
By: Devanshi Patel
Filed: 6/14/2019 4:57 PM

## CAUSE NO. 2019-34127

| | | |
|---|---|---|
| **ERNETTA DEJEAN** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **STATE FARM MUTUAL** | § | **113TH JUDICIAL DISTRICT** |
| **AUTOMOBILE INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | **HARRIS COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Defendant, State Farm Mutual Automobile Insurance Company, ("Defendant") and files this Original Answer and would respectfully show as follows:

### I.
### GENERAL DENIAL

1.    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against it in Plaintiff's Original Petition and demand strict proof thereof.

### II.
### REQUEST FOR DISCLOSURE

2.    Under Texas Rule of Civil Procedure 194, Defendant requests that Plaintiff discloses, within 30 days of the service of this request, the information or material described in Rule 194.2.

### III.
### <u>AFFIRMATIVE DEFENSES</u>

3.      Defendant affirmatively pleads that Plaintiff has failed to state a claim against it upon which relief may be granted, and as such, Plaintiff cannot establish a prima facie case against Defendant.

4.      Defendant affirmatively pleads that to the extent that Plaintiff's actions caused and/or contributed to her alleged injuries, Defendant invokes the doctrine of proportionate responsibility pursuant to Section 33.001 *et seq.* of the Texas Civil Practice and Remedies Code.

5.      Defendant contends the incident in question and resulting alleged injuries or damages sustained by Plaintiff, if any, were the result of negligent acts and/or omissions by third parties beyond the control of Defendant. The negligence or other acts or omissions of those third parties was the proximate cause, sole proximate cause, and/or sole producing cause of the Plaintiff's alleged damages, if any. The third parties' negligence should be submitted to the jury for assignment of percentage of responsibility pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code.

6.      Defendant affirmatively pleads that, in the unlikely event any liability is found on the part of Defendant, such liability be reduced by the percentage of the causation found to have resulted from the negligence and/or from the acts or omissions of Plaintiff and other third parties.

7.      Defendant contends that any claims for medical or health care expenses are limited to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to Texas Civil Practices and Remedies Code § 41.0105.

8.      Defendant affirmatively pleads the Plaintiff is not entitled to recover medical charges that a provider has not paid, and as such, evidence of such charges is irrelevant to the issue

of damages. Thus, only evidence of recoverable medical expenses is admissible at trial. *See Haygood v. De Escabedo*, 356 S.W.3d 390 (Tex. 2011).

9.     Defendant affirmatively plead that pursuant to § 18.091 of the Texas Civil Practice and Remedies Code, to the extent that Plaintiff is seeking recovery for loss of earnings, lost wages, loss of earning capacity, and/or loss of contributions of pecuniary value, evidence of this alleged loss must be presented by Plaintiff with reasonable medical proof of Plaintiff's injuries causing loss of income and in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

10.     Defendant affirmatively pleads that the Plaintiff's recovery, if any, should be reduced by the amount of payments she has received as compensation for any damages. Additionally, or alternatively, Defendant is entitled to any applicable offset and/or credit for any payment that has been received by Plaintiff paid in Personal Injury Protection ("PIP") benefits under the State Farm policy issued to Plaintiff, or otherwise.

11.     Defendant is entitled to offset or credit in the amounts of the liability insurance amount of any tortfeasor who was responsible for the accident made the basis of this suit and Plaintiff's alleged injuries and damages, any other uninsured/underinsured policy of insurance issued by any other insurer to Plaintiff, and any money paid to, or on behalf of, Plaintiff for any medical payment or personal injury protection benefit.

12.     Without admitting any liability as to the alleged uninsured or underinsured motorists actions or omissions or waiving any defenses, in the unlikely event there is a finding of liability or judgment against a responsible third party, Defendant affirmatively pleads that Plaintiff is collaterally estopped from seeking damages under the underinsured/uninsured motorist provisions of the State Farm insurance policy as it relates to this occurrence.

13.     Defendant further gives notice that it intends to rely upon such other defenses as may become available or apparent between now and the time of trial, and thus reserves the right to amend this Answer and to assert such defenses within the time allowable by the Texas Rules of Civil Procedure and/or the Court.

## PRAYER

Accordingly, Defendant respectfully pray that upon final disposition of this case, Plaintiff Ernetta Dejean takes nothing by reason of her allegations against Defendant, and that this Court grants Defendant all such other relief to which they may be entitled, including, but not limited to, reimbursement for the costs incurred by Defendant in responding to and defending the allegations raised against it in Plaintiff's Original Petition.

Respectfully submitted,

**STEWART LAW GROUP PLLC**

*/s/ Keron A. Wright*
**Amy M. Stewart**
State Bar No. 24060660
Email: astewart@stewartlawgrp.com
**Keron A. Wright**
State Bar No. 24075311
Email: kstewart@stewartlawgrp.com
**Tonika Brown**
State Bar No. 24113626
Email: tbrown@stewartlawgrp.com

One Arts Plaza
1722 Routh St., Suite 745
Dallas, Texas 75201
Telephone: (469) 607-2300
Facsimile: (469) 607-2301

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record pursuant to the Texas Rules of Civil Procedure on this 14th day of June 2019.

/s/ *Keron A Wright*
Keron A. Wright

EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ERNETTA DEJEAN** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | **Civil Action No. 4:19-cv-2260** |
| | § | |
| | § | |
| **STATE FARM MUTUAL AUTOMOBILE** | § | |
| **INSURANCE COMPANY** | § | |
| Defendant. | § | |

## LIST OF COUNSEL

**ATTORNEYS FOR DEFENDANT**
**STATE FARM LLOYDS**

**AMY M. STEWART**
State Bar No. 24060660
Email: astewart@stewartlawgrp.com

**KERON A. WRIGHT**
State Bar No. 24075311
Email: kwright@stewartlawgrp.com

**STEWART LAW GROUP PLLC**
One Arts Plaza
1722 Routh Street, Suite 745
Dallas, Texas 75201
Telephone: (469) 607-2300
Fax: (469) 607-2301

**ATTORNEY FOR PLAINTIFF**
**ERNETTA DEJEAN**

**C. RANDAL L. NOVAK**
State Bar No. 24072717
Email: randall@novaklaw.org

**NOVAK LAW FIRM**
P.O.Box 146
Houston, Texas 77001
Telephone: (832) 707-6712
Fax: (832) 447-1414